UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EDWARD MCPHATE                                              CIVIL ACTION

V.                                                          NO. 16-4540

SHELL OIL COMPANY, ET AL.                                   SECTION F

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

**Background**

This personal injury case arises out of a truck driver's allegation that he suffers from non-Hodgkin's lymphoma caused by prolonged work-related exposure to benzene and benzene-containing products.

Employed as a contract truck driver from 1996 through 2009, Edward McPhate claims that he regularly came into contact with benzene while loading, unloading, and transporting petroleum products.[1] Mr. McPhate loaded tank trucks at the Shell Oil Kenner,

---

[1] According to the allegations of the state court petition, Mr. McPhate worked for Dupre Transport, LLC from 1996 through 1999;

1

Shell Norco, Murphy Mereaux, Chalmette Refining, and Belle Chasse Chevron facilities and unloaded the trucks at various locations in Orleans and Jefferson Parishes. On March 28, 2014, Mr. McPhate was diagnosed with non-Hodgkin's lymphoma, a terminal cancer of the blood caused by benzene exposure.

On March 20, 2016, Mr. McPhate (a Louisiana citizen) sued Murphy Oil USA, Inc.; Shell Oil Company; Chalmette Refining, LLC; Schneider National Bulk Carriers, Inc.; and Chevron Oronite Company, LLC in the Civil District Court for the Parish of Orleans, asserting virtually identical claims of negligence and strict liability against the manufacturers, distributors, sellers, suppliers, or large industrial consumers of benzene and benzene-containing products. In particular, he alleges that <u>all</u> defendants: knew or should have known of the hazards of the products they manufactured, distributed, sold, supplied, owned, transported, or used; were negligent in terms of the design, sale, testing, recall, inspection, research, and failure to warn of their products; and are strictly liability based on their failure to warn. Murphy timely removed the lawsuit to this Court on May 9, 2016, and all defendants consented, except for Schneider, a Louisiana corporation. The plaintiff now moves to remand the case on the ground that he shares Louisiana citizenship with Schneider,

---

E/T Transport, Inc. from 2000 through 2005; and New Transport, LLC from 2005 through 2009.

defeating subject matter jurisdiction. For their part, the removing defendants urge the Court to disregard Schneider's local citizenship on the ground that Schneider was fraudulently joined to defeat diversity jurisdiction.

I.

A.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008)(citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007)(citations omitted).

B.

Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins.

Co., 243 F.3d 912, 916 (5th Cir. 2001). A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case—that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). Suits not brought under federal law "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd., 818 F.3d 193, 199 (5th Cir. 2016)("when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper."). For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied," including that the citizenship of every plaintiff is diverse from the citizenship of every defendant, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; Smallwood v. Ill. Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

C.

"The fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity." Smallwood v. Ill. Cent. R.R. Co., 352 F.3d 220, 222 (5th Cir. 2003). "The party seeking removal bears a heavy burden of proving

4

that the joinder of the in-state party was improper." Smallwood, 385 F.3d at 574. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Id. at 573. The removing defendant may show improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id.

In determining whether a party was improperly joined, all contested factual issues and state law ambiguities are resolved in favor of the plaintiff. Gasch, 491 F.3d at 281. "A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." Int'l Energy Ventures Mgmt., LLC, 818 F.3d at 199 (emphasis in original). Because Schneider is nondiverse, to establish subject matter jurisdiction in this Court, the defendants have the burden of establishing that McPhate has failed to state a claim against Schneider. See id. at 207-08 ("because Smallwood requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."). In doing so, the defendants must demonstrate

5

"that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. at 199-200 (citing Smallwood, 385 F.3d at 573). The Court underscores that the possibility of recovery must be "reasonable," not merely theoretical. Smallwood, 385 F.3d at 573; Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)("If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.")(internal quotation marks omitted).

## II.

McPhate contends that his lawsuit should be remanded to state court because he has stated a viable claim against all defendants, including Schneider, the local defendant.[2] There is no dispute that McPhate and Schneider share Louisiana citizenship. Suggesting that Schneider was improperly joined to defeat

---

[2] The plaintiff also contends that removal was procedurally defective because the diverse defendants failed to obtain consent from the local defendant. This argument is without merit. Only properly joined defendants must consent to removal. See Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993)("as a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper . . . joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical[.]").

6

diversity jurisdiction, the out-of-state defendants counter that the Court should disregard Schneider's citizenship and deny remand.

The diverse defendants submit that the state court petition fails to allege any facts connecting Schneider to McPhate's injury such that there is no reasonable basis for this Court to consider that McPhate might be able to recover against Schneider. The diverse defendants submit that Schneider is improperly joined under Smallwood because McPhate's claims against Schneider fail to withstand a Rule 12(b)(6) analysis. The Court disagrees.

To determine whether Schneider was improperly joined, the Court must determine whether McPhate has pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).[3] McPhate contends that

---

[3] Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

7

he has adequately pleaded claims for negligence and strict liability as to all defendants. He notes that in his state court petition he advances allegations as to all defendants, such as:

> 2.
> Plaintiff was exposed daily to products distributed, manufactured, [and] sold by the ... defendants in Orleans Parish.
>
> 5.
> At all material times herein, defendants were manufacturers, distributors, sellers, suppliers, or large industrial consumers of benzene or benzene-containing products.
>
> 6.
> While working as a contract tank truck driver from 1996 through 2009 he was exposed daily to high levels of benzene when he unloaded and loaded gasoline and other benzene containing products. He was exposed to high levels of benzene from products manufactured, distributed or sold by the defendants.
>
> 18.
> Shell, Murphy, Chalmette Refining, Schneider, and Chevron knew that they were exposing contract workers such as Mr. McPhate to unsafe levels of benzene but failed to warn the contract workers or provide respiratory protection to save costs.

Challenging the technical sufficiency of such allegations, the diverse defendants submit that "McPhate's broad, general, and

---

misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557).

conclusory allegations against all the defendants in this suit do not meet the pleading standard required to support remand." Notably, however, the Fifth Circuit applies the "common defense rule" to assertions of improper joinder. According to the rule, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit." Smallwood, 385 F.3d at 574. "In such circumstances, the allegation of fraudulent joinder is actually an attack on the merits of plaintiff's case as such—an allegation that . . . the 'plaintiff's case [is] ill founded as to all the defendants.'" Id. (quoting Chesapeake & O.R. Co. v. Cockrell, 232 U.S. 146, 153 (1914)). "Such a showing cannot support an inference that the joinder of the local defendant[] was fraudulent." Id. Insofar as the diverse defendants simply argue that the plaintiff casts generic allegations as to all defendants, the defendants fail to discharge their heavy burden to prove that it was Schneider that was improperly joined.

The Court expresses no opinion on the merits of McPhate's claim against Schneider (or any of the defendants), but merely finds that the removing defendants have not carried their heavy burden in showing that McPhate has no reasonable possibility of

9

recovery against Schneider. Accordingly, mindful that doubts about the propriety of removal must be resolved in favor of remand, the plaintiff's motion to remand is GRANTED. Because this Court lacks subject matter jurisdiction, the case is hereby remanded to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, June 29, 2016

_____
MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE